UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME BEARDEN, et al.,

    Plaintiffs,

    v.

COUNTY OF SAN MATEO,

    Defendant.

_____/

No. C 06-4300 PJH

**ORDER GRANTING SUMMARY JUDGMENT**

Defendant's motion for summary judgment came on for hearing before this court on April 16, 2008. Plaintiffs Jerome Bearden ("Bearden") and Barry Bradley ("Bradley") (collectively "plaintiffs")[1] appeared through their counsel, Michael Tonsing. Defendant San Mateo County Probation Department ("defendant") appeared through its counsel, Judith A. Holiber. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion as follows, and for the reasons stated at the hearing.

**BACKGROUND**

This is an employment discrimination case. Plaintiffs Jerome Bearden and Barry Bradley are both black former "extra-help" employees of defendant San Mateo County Probation Department. Defense counsel described "extra-help" employees as not being actual employees, but hourly shift workers whose names were maintained on a list and who

---

[1] While defendant's motion seeks summary judgment against an additional named plaintiff, George Gibson, Mr. Gibson has not opposed defendant's motion, was not present at the hearing, and is not represented by the remaining plaintiffs' counsel. Indeed, Mr. Gibson has made only one filing in connection with the instant motion, on February 20, 2008, when he submitted a declaration stating that, although he was aware of the pending motion for summary judgment, he had not been served with any papers. Defendant has filed no proof of service contradicting this assertion. Accordingly, the instant order does not apply to Mr. Gibson and by separate order, the court orders Mr. Gibson to attend a further case management conference, so that further proceedings can be scheduled.

were called to work certain shifts only when needed at defendant's juvenile facilities. Plaintiffs allege that they were terminated from the extra-help program on account of their race, color, and national origin. See generally Second Amended Complaint ("SAC").

Plaintiff Bearden alleges that he was denied a maternity leave to care for his pregnant wife both before and after she had her baby. He also states that he was denied work shifts without explanation or documentation, and was terminated on account of his race. The termination was allegedly effected by Deputy Chief Probation Officer Stewart Peterson, an individual whom plaintiffs allege has made "documented racist slurs" in the workplace. See SAC at ¶ 20. Plaintiff Bearden furthermore alleges that, post termination, Mr. Peterson did not do an investigation based on the immediate facts on hand, but instead did a pretext cover-up investigation to further justify the termination. See id. at ¶ 23.

Plaintiff Bradley alleges that he, too, was terminated on account of his race. He claims that he "was cited for wearing dark prescription glasses and following an incident involving a white coworker, was terminated without being given the results of the investigation conducted" by one of defendant's supervisors. See id. at ¶ 33.

As a result of the allegedly improper terminations, plaintiffs filed suit against defendant, alleging a claim for violation of 42 U.S.C. § 1981.[2]

**DISCUSSION**

A.  Legal Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of

---

[2] The parties' papers also indicated additional claims were pled by plaintiff – specifically, claims made pursuant to 42 U.S.C. § 1983, the 13th Amendment, and 28 U.S.C. §§ 1331 and 1343. At the hearing, however, plaintiff's counsel acknowledged that the only valid claim being asserted is a claim under section 1981. Accordingly, and as the court ruled at the hearing, to the extent any of the foregoing three claims have been stated, they are DISMISSED.

2

the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.    Analysis

Although the complaint filed by Bearden in pro per is difficult to decipher, his later-acquired counsel confirmed at the hearing that only one claim was intended. Thus, the only issue before the court is whether summary judgment should be granted in defendant's favor with respect to plaintiffs' claim that defendant unlawfully discriminated against plaintiffs in violation of 42 U.S.C. § 1981.[3] Section 1981 prohibits discrimination in the "benefits, privileges, terms and conditions" of employment. See 42 U.S.C. § 1981(b); Metoyer v. Chassman, 504 F.3d 919, 935 (9th Cir.2007). Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case. Id. at 930; see also Surrell v. California Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

Applying, therefore, the McDonnell Douglas burden-shifting analysis that is generally applicable to Title VII disparate treatment cases, plaintiffs Bearden and Bradley can establish a prima face case of discrimination by establishing that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847

---

[3] To the extent plaintiffs intended to object to defendant's motion on grounds of improper service, these objections are OVERRULED as moot, in view of the fact that any failure to properly serve was cured, and is therefore harmless.

3

(9th Cir. 2004). If plaintiff successfully establishes a prima facie case, it is then up to defendant to "offer a legitimate, nondiscriminatory reason for the adverse employment action." Lyons v. England, 307 F.3d 1092, 1112 (9th Cir.2002). Assuming defendant can do so, the burden then shifts back to plaintiff to show that the reason given is a pretext. See id. at 849; see also Pottenger v. Potlatch Corp., 329 F.3d 740, 746 (9th Cir.2003). Here, defendant correctly points out that plaintiffs have failed to introduce any evidence sufficient to satisfy even its initial burden of demonstrating a prima facie section 1981 violation.

      The sum total of plaintiffs' evidence consists of: original and supplemental declarations of Mr. Bearden; four exhibits consisting of three letters and a series of "mystery sheets" which are attached thereto; original and supplemental declarations of Mr. Bradley; and a supporting declaration and exhibits from the attorney of record in an unrelated case, Mr. Charles Bonner. As a preliminary matter, the documentary evidence attached as exhibits to the Bearden and Bonner declarations is inadmissible. With respect to the Bearden declarations' exhibits, the exhibits have not been properly authenticated. There is no direct statement anywhere in the declarations to which the exhibits are attached indicating the author of the exhibits, or stating the author and/or declarant's belief that the exhibits are true and correct copies of the exhibits. See Memorandum and Declaration of Plaintiff Jerome Bearden ("Orig. Bearden Decl."); Supplemental Declaration of Plaintiff Jerome Bearden ("Supp. Bearden Decl."); see also Orr v. Bank of Am., NT & SA, 285 F.3d 764 (9th Cir. 2002)(documents that lack foundation inadmissible).

      Similarly, the first of the two deposition transcripts attached as exhibit A to the Bonner declaration is also not properly authenticated, as it is not accompanied by the reporter's certification. See id., 285 F.3d at 774 ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent."). And while the second deposition transcript,

4

attached as exhibit B to the Bonner declaration, does include the reporter's certification (although it is of dubious validity, as it lacks the reporter's signature), plaintiffs have nowhere provided the pin cites that would allow the court to efficiently locate any statements within the 244 page transcript upon which plaintiffs seek to rely. See id. (failure to cite page and line numbers when referring to a deposition transcript on summary judgment warrants exclusion of the evidence, as judges "need not paw over the files without assistance from the parties"). In sum, the sparse documentary evidence that has been provided and only generally relied on by plaintiffs is inadmissible.

Turning to the admissible evidence submitted by plaintiffs – i.e., the multiple original and supplemental declarations of Mssrs. Bearden and Bradley – and viewing it in the light most favorable to plaintiffs, the declarations establish that both Bearden and Bradley are members of a protected class, and that they experienced an adverse employment action (i.e., removal from the extra help work list). However, although this satisfies the first and third elements of the McDonnell Douglas prima facie test, none of the submitted declarations goes on to satisfactorily establish either the second or fourth elements of a prima facie section 1981 claim – i.e., that plaintiffs were qualified for their position, or that similarly situated individuals were treated more favorably. Plaintiffs' declarations do not address plaintiffs' qualifications vis-a-vis those necessary for the job of extra help employee. See generally Orig. Bearden Decl.; Supp. Bearden Decl.; Declaration of Plaintiff Barry Bradley ("Orig. Bradley Decl."); Supplemental Declaration of Plaintiff Barry Bradley ("Supp. Bradley Decl."). Nor do they address, with specific and probative evidence, the fact that plaintiffs' white coworkers were treated better than plaintiffs. See, e.g., Supp. Bearden Decl., ¶ 17; Supp. Bradley Decl., ¶ 11. Certainly, plaintiffs' declarations purport to establish that plaintiffs' white coworkers were treated better. However, the declarations' statements to that effect are generic and conclusory, and state only that, based on plaintiffs' personal knowledge, they observed "white persons" being late or calling in sick and not reprimanded, or observed a "white part-time extra help counselor" fall asleep on the job and yet fail to be

1  terminated. See id. Aside from these observations, there is no other competent evidence
2  establishing either of these facts. Plaintiffs have failed to point to any evidence in the
3  record that supports their personal opinions, or that objectively corroborates the fact that
4  any unnamed "white worker" was generally treated better.

5  Even assuming that plaintiffs were able to point to specific evidence tending to
6  support an inference of discrimination or discriminatory intent, and therefore establish a
7  prima facie case of discrimination under § 1981, defendant has come forward with
8  evidence of a legitimate, non-discriminatory reason for plaintiffs' termination, via the
9  Amended Declaration of Stewart Peterson ISO Defendant's Motion for Summary Judgment
10 ("Amended Peterson Decl.").[4] Stewart Peterson is the Assistant Chief of the San Mateo
11 County Probation Department, and is alleged by plaintiffs to have treated plaintiffs in a
12 discriminatory manner by subjecting plaintiffs to less favorable treatment than defendant's
13 white employees. See SAC, ¶ 4. In his amended declaration, however, Mr. Peterson
14 avers that he personally investigated the circumstances leading to the decision to
15 discontinue Mr. Bearden's extra-help services for defendant, and that Mr. Bearden was
16 removed from the list for poor attendance. Specifically, Mr. Peterson declares that
17 between 2000-2002, Mr. Bearden only worked 71% of the time for which he was
18 scheduled, failed to appear when scheduled on 17 occasions, called in sick 12% of his
19 scheduled shifts, and on the 79 dates that he worked during this period, he was 15 minutes
20 to 3 hours late on 28 occasions. See Amended Peterson Decl., ¶¶ 2-5. Mr. Peterson then
21 goes on to state that with respect to Mr. Bradley, he was removed from the list because he
22 fell asleep while supervising minors in the County's juvenile facility, and also because Mr.
23 Bradley failed to follow security procedures on a number of occasions at the facility, and
24 then lied about his actions when questioned. See id. at ¶ 4. These articulated reasons

---

[4] Plaintiffs' objections to the Peterson Declaration as hearsay are OVERRULED. Mr. Peterson's declaration is based on Mr. Peterson's personal knowledge, gleaned as a result of his investigation into plaintiffs' terminations, and is well within the proper confines of declarant testimony. Similarly, defendant's objections to plaintiffs' multiple declarations are also OVERRULED.

constitute legitimate, nondiscriminatory reasons for plaintiffs' removal from the extra-help list. It is therefore plaintiffs' burden to come forward with some probative evidence of pretext.

This they have not done. Plaintiffs' only evidence of pretext in response to defendant's articulated reason for the terminations, comes once again by way of their declarations. Both the Bearden and Bradley declarations state that, contrary to Peterson's declaration, defendant subjected plaintiffs to unequal treatment on account of plaintiffs' race. Plaintiff Bearden, for example, states that Mr. Peterson is a "documented racist" who has made several racial slurs in the workplace, that his poor attendance was due to the fact that defendant blacklisted plaintiff, and that defendant refused to give him shifts, despite plaintiff's submission of availability sheets. See Supp. Bearden Decl., ¶¶ 8-13. Plaintiff Bradley states that Mr. Peterson gave another white extra help counselor a pass when he fell asleep on the job, instead of letting the counselor go. See Supp. Bradley Dec., ¶ 11. He also states repeatedly that he "personally knows" that Mr. Peterson has a habit of treating black employees differently, and that defendant enforces employment and disciplinary policies differently for blacks and whites. See id. at ¶¶ 12-13.

The problem with this evidence, however, is that it is unsupported by any evidence other than plaintiffs' mere say-so. Plaintiff Bearden, for instance, states that defendant refused to give him shifts, while simultaneously acknowledging that he had been told he needed to work more shifts. See Supp. Bearden Decl., ¶¶ 12-13. Aside from the fact that plaintiff also acknowledges that the few shifts he was assigned were cancelled by plaintiff *himself* due to his wife's pregnancy, plaintiff has, more importantly, failed to submit any *admissible* evidence of any blacklist, or other evidence tending to show his proper attendance during the periods in question. See authenticity discussion, supra. Thus, there is no admissible evidence to dispute defendant's articulated reasoning for plaintiff Bearden's removal from the list. The court cannot merely rely on plaintiff's say so. As the Ninth Circuit has stated, a plaintiff "may not defeat a defendant's motion for summary

judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action." See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 fn. 6 (9th Cir. 2006); Schuler v. Chronicle Broad. Co., 793 F.2d 1010, 1011 (9th Cir.1986).

Similarly, plaintiff Bradley's evidence of pretext consists of nothing more than plaintiff's purported personal observations of Mr. Peterson's unequal treatment of plaintiff Bradley, based on the discipline that was purportedly given to the white counselor who had also fallen asleep on the job. No declaration from the white counselor or his supervisor has been submitted, however, nor is there any proof of the other incidents of unequal treatment which plaintiff Bradley references in his declaration. See, e.g., Supp. Bradley Decl., ¶ 12. Plaintiff's subjective belief, without more, that the challenged employment action was unwarranted, or unnecessary, cannot create a genuine issue of material fact. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996)(concluding, despite the plaintiff's claims that she had performed her job well, that "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact").

Accordingly, without specific and probative evidence in support of their personal and conclusory observations, plaintiffs cannot discharge their burden of creating a genuine issue of material fact sufficient to defeat summary judgment as to plaintiffs' section 1981 claim. Defendant's motion for summary judgment as to this claim is therefore GRANTED.

C. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. Defendant's corresponding request for judicial notice is also GRANTED.

**IT IS SO ORDERED.**

Dated: July 8, 2008

PHYLLIS J. HAMILTON
United States District Judge